# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**RODNEY DAVISON,**

    **Plaintiff**,

vs.

**C/O MACLEAN, C/O FRANTZ,**
**C/O HERBERT, SERGEANT D. WILLIAMS,**
**DEPUTY CARBERRY, DEPUTY SCOTT AND**
**WARDEN WOLFENBARGER,**

    **Defendants**.
_____/

**CIVIL ACTION NO. 06-12755**

**HONORABLE AVERN COHN**
**HONORABLE STEVEN D. PEPE**

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND (DKT. #27,30)[1]

Rodney Davison is a prisoner in the custody of the Michigan Department of Corrections (MDOC). On June 22, 2006, he filed this action under 42 U.S.C. §1983 against several defendants in their official and individual capacities. Plaintiff alleges that Defendants have retaliated against him due to his religious status in violation of his First and Fourteenth Amendment rights. All pretrial matters were referred to the undersigned pursuant to 28 U.S.C. §636(b)(1)(A) and (B). For the reasons stated below, Plaintiff's motion to amend is **DENIED**.

Plaintiff brought a cause of action on February 3, 2005, Case No. 05-70287, in which he set forth the same chronology of events as in this matter. The prior case was dismissed for failure to exhaust under the Sixth Circuit's total exhaustion rule set forth in the recently overruled *Jones-Bey v. Johnson,* 407 F.3d 801, 805 (6th Cir. 2005) (Case No. 05-70287, Dkt. #45, 47). The court found

---

[1] Docket No. 27 is a duplicate entry of No. 30 and they are addressed in this order as one motion.

that, in his grievances, Plaintiff had failed to specifically name defendant Carberry and had failed to allege any facts to support religious retaliation. Therefore, based on then-current Sixth Circuit exhaustion rules, the claims against defendant Carberry and the claims of retaliation based on religion had not been exhausted and the entire complaint was dismissed (*Id.*, citing *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001) and *Jones-Bey v. Johnson, supra*).

Plaintiff's current motion, though titled a motion to amend, seeks to reopen Case No. 05-70287 based upon the recent United States Supreme Court decision in *Jones v. Bock*, – S.Ct. –, 2007 WL 135890 (2007), which overturned the Sixth Circuit's total exhaustion rule and its requirement that prisoner's specifically plead exhaustion in their complaints. While this motion is not properly filed in the present action and should have been filed in Case No. 05-70287, it will be addressed here in the interest of judicial economy because the argument is easily dismissed.

The PLRA's exhaustion requirement remains in effect and requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions. 42 U.S.C. §1997e(a), *see Booth v. Churner* 532 U.S. 731, 731 (2001). The *Jones v. Bock* Court held that it is the state correction system's procedures which determine what requirements must be met in order for a grievance to be deemed procedurally proper. The actions about which Plaintiff complains in this case took place on or around December 12, 2003, through April 29, 2004. The current MDOC policy directive regarding filing grievances was in effect at that time and states the following about what information prisoners must include in their grievances:

> T.  . . . . The issues shall be stated briefly. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

MDOC P.D. 03.02.130 (T.).

The MDOC policy does not contain a precise description of the necessary degree of factual particularity required of prisoners. The Sixth Circuit has held that prisoners, in their grievances, are not required to

> allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory. Rather, it is sufficient for a court to find that a prisoner's Step I problem statement gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint. *Cf. Strong v. David,* 297 F.3d 646, 650 (7th Cir.2002) (holding that when state grievance rules do not prescribe the contents of a grievance or the necessary degree of factual particularity, a grievant need only "object intelligibly to some asserted shortcoming" and need not "lay out facts, articulate legal theories, or demand particular relief").

*Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003), *abrogated on other grounds by Jones v Bock*, *supra.*

In the prior action it was held that Plaintiffs' grievances, Grievance No. 549 and Grievance No. 214, never brought to MDOC's attention the actions Plaintiff now alleges took place with regard to his religious retaliation claims. Instead, Plaintiff alleged that those involved were retaliating against him because he successfully disputed the first major misconduct ticket at issue – an allegation that was not properly raised in the prior nor the present litigation.

While rejecting the notion that grievances are designed to give *individuals* notice of possible litigation against them, in *Jones v. Bock* the Supreme Court maintained that the "benefits of exhaustion [] include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record. See *id.,* at ----, 126 S.Ct. 2378 (slip op., at 6-8); *Porter,* 534 U.S., at 524-525, 122 S.Ct. 983. . . . early notice

to those who might later be sued, . . . has not been thought to be one of the leading purposes of the exhaustion requirement. *See Johnson,* 385 F.3d, at 522 ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation"), . . . . " *Jones v. Bock*, *supra* at *12.

Plaintiff's failure to file a grievance containing the facts set forth in the complaint in Case No. 05-70287 and thereby notify MDOC that he had been subjected to derogatory remarks regarding his religion and/or that he believed he was being issued false misconduct tickets in connection with his being Muslim, denied MDOC the opportunity to address his complaints or prepare a useful record for use in this Court. This is not the case where exhausted claims were dismissed based on a plaintiff's failure to exhaust other claims. As previously held in Case No. 05-70287, Plaintiff failed to exhaust his administrative remedies with regard to his religious retaliation claims and these claims were rightfully dismissed. There having been no claims other than religious retaliation alleged by Plaintiff in his complaint, the complaint was properly dismissed. Therefore, Plaintiff's motion to amend is DENIED.

**SO ORDERED.**

Dated: March 30, 2007　　　　　　　　　　　　　　　　　　　　s/Steven D. Pepe
Ann Arbor, Michigan　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

<u>Certificate of Service</u>

    I hereby certify on <u>March 30, 2007</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: <u>Diane M. Smith, Esq.</u>, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:<u> Rodney Davison, #213112, Kinross Correctional Facility, 18770 E. Watertower, Kincheloe, MI 49755</u>

                                                   <u>s/Tammy Hallwood          </u>
                                                   Deputy Clerk
                                                   U.S. District Court
                                                   600 Church St.
                                                   Flint, MI 48502
                                                   810-341-7850