UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RODNEY DAVISON,

    Plaintiff,

v.                                                                 Case No. 06-12755

SHAUN MACLEAN, GEORGE FRANTZ,         HON. AVERN COHN
ERIC HERBERT, DOUGLAS WILLIAMS,
CHARLENE CARBERRY, JOE D. SCOTT,
and HUGH WOLFENBARGER,

    Defendants.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND
GRANTING DEFENDANTS' MOTION TO DISMISS
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND
DISMISSING CASE**

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Rodney Davison, a state inmate proceeding pro se, sued several defendants claiming retaliation due to his religious status in violation of the First and Fourteenth Amendments. The matter was referred to a magistrate judge for all pretrial proceedings. Thereafter, defendants filed a motion to dismiss for lack of exhaustion and plaintiff filed a motion for summary judgment.

On March 30, 2007, the magistrate judge, in a thorough going analysis of plaintiff's various grievances and exhaustion requirements, issued a report and

recommendation (MJRR) recommending that defendants' motion to dismiss be granted and plaintiff's motion for summary judgment be denied.

Before the Court are plaintiff's objections to the MJRR.

II.

The MJRR sets forth the relevant background of this case. Briefly, the complaint details several instances of alleged retaliation by defendants, occurring on December 12, 2003, December 13,2003 to December 28, 2003, January 30, 2004, February 5, 2004, February 13, 2004, February 15, 2004, February 19, 2004, February 27, 2004, April 18, 2004, April 29, 2004, and May 5, 2004.

On February 3, 2005, plaintiff a complaint in which he alleged the same facts as in the instant case, Davison v. MacLean, case no. 05-70287 (the 2005 case). The 2005 case was referred to a magistrate judge, before whom defendants filed a motion to dismiss for failure to exhaust. The magistrate judge issued an MJRR recommending that the motion be granted. Plaintiff objected. The Court overruled the objections and dismissed the case. The Court stated in part:

> The magistrate judge found that plaintiff failed to exhaust his prison remedies because the two grievances attached to the complaint, grievance numbers MRF–4-04-0217-17z and MRF-04-05-0549-17z, fail to identify defendant Carberry or allege facts to support his claim of religious retaliation; rather, the grievances allege retaliation as a result of being found not guilty on a previous misconduct ticket.
> In his objections, plaintiff says that he exhausted his prison remedies by filing grievance number MRF-06-01-00040-028e, naming all defendants and claiming retaliation for seeking redress through the prison system and religious discrimination, and which he says he pursued through all steps of the grievance process. He also says that he has filed an amended complaint to this effect, but did not mail the amended complaint until April 20, 2006, the day before the MJRR was issued. The docket sheet, however, does not show that an amended complaint was filed. In any event, plaintiff's attempt to show exhaustion at this time fails.

2

> It is well-established that a plaintiff may not amend the complaint to cure a defect in exhaustion. See Baxter v. Rose, 305 F.3d 486, 488-89 (6th Cir. 2002). Exhaustion is measured at the time the original complaint is filed with the grievances attached to the original complaint. Because as explained in the MJRR, plaintiff failed to exhaust based on the grievances attached to the complaint, the complaint must be dismissed.
> If plaintiff has in fact exhausted his prison remedies against defendants by filing MRF-06-01-000040-028e, plaintiff must file a new complaint and attach that grievance.

See Order Adopting Report and Recommendation and Granting Defendants' Motion to Dismiss and Dismissing Case Without Prejudice, filed May 2, 2006, in 2005 case at p. 2. Dismissal was premised on the then-existing "total exhaustion" rule of Jones-Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005) which required that because plaintiff's claims against Carberry were not exhausted, the entire complaint was subject to dismissal. This rule was subsequently overruled by the Supreme Court in Jones v. Bock, 127 S.Ct. 910 (2007).

On December 24, 2005, plaintiff filed Grievance No. MRF-06-00040-28E (Grievance No. 040) in which he alleged that defendants discriminated against him based on his religion, beginning with the verbal remarks on December 12, 2003 and continuing with the issuance of several major misconduct tickets, and failed to follow up on his complaints about this treatment despite his repeated requests. Grievance No. 040 was the grievance plaintiff referenced in his objections in the 2005 case.

On February 3, 2005, plaintiff filed this case. The complaint sets forth the same chronology of events as the complaint in the 2005 case.

III.

The portions of the MJRR that a party find objectionable are reviewed de novo. See 28 U.S.C. § 636(b)(1)(C).

Plaintiff objects to the magistrate judge's citation to the current policy directive regarding filing grievances and stating that the current directive was in effect at the relevant time. Plaintiff says that the current policy directive, which took effect on December 19, 2003, was not in place when the first incident arose on December 12, 2003. While plaintiff is correct, this objection does not change the result. The policy directive in effect from April 28, 2003 to December 19, 2003 had the same requirements regarding filing grievances; it states:

> ...The issues shall be stated briefly. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

The current policy directive similarly states:

> ...The issues shall be stated briefly. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

Thus, plaintiff's objection lacks merit.

As fully set forth in the MJRR, plaintiff has failed to properly exhaust his administrative remedies with regard to his claims. Moreover, grievance No. 040, as explained in the MJRR, was not timely filed and therefore cannot be grounds for proper exhaustion. Indeed, "this is a case where unfortunately Plaintiff's claims fail because Plaintiff did not clear all of the restrictive procedural hurdles imposed on him by 42 U.S.C. § 1997e of the Prison Litigation Reform Act." MJRR at p. 1.

4

IV.

Accordingly, the findings and conclusions of the magistrate judge are adopted as the findings and conclusions of the Court. Defendants' motion to dismiss is GRANTED. Plaintiff's motion for summary judgment is DENIED. This case is DISMISSED.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: May 22, 2007

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Rodney Davison, 213112, Kinross Correctional Facility, 18770 E. Watertower, Kincheloe, MI 49755 on this date, May 22, 2007, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160