UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RODNEY DAVISON,

    Plaintiff,

v.                                                                                                                 Case No. 06-12755

SHAUN MACLEAN, GEORGE FRANTZ,                HON. AVERN COHN
ERIC HERBERT, DOUGLAS WILLIAMS,
CHARLENE CARBERRY, JOE D. SCOTT,
and HUGH WOLFENBARGER,

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Rodney Davison, a state inmate proceeding <u>pro se</u>, sued several defendants claiming retaliation due to his religious status in violation of the First and Fourteenth Amendments. The matter was referred to a magistrate judge for all pretrial proceedings. Thereafter, defendants filed a motion to dismiss for lack of exhaustion and plaintiff filed a motion for summary judgment.

On March 30, 2007, the magistrate judge issued a report and recommendation (MJRR) recommending that defendants' motion to dismiss be granted and plaintiff's motion for summary judgment be denied. Plaintiff objected to the MJRR. The Court adopted the MJRR. <u>See</u> Order Adopting Magistrate Judge's Report and Recommendation and Granting Defendants' Motion to Dismiss and Denying Plaintiff's

Motion for Summary Judgment and Dismissing Case, filed May 21, 2007. A final judgment entered and plaintiff filed a notice of appeal from the Court's decision.

Before the Court is plaintiff's motion for reconsideration. For the reasons that follow, the motion is DENIED.

II.

E.D. Mich LR 7.1(g) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Plaintiff fails to satisfy this standard. Plaintiff contends that the Court erred in adopting the MJRR and dismissing his case because it failed to consider a pending motion to amend the complaint which was filed after the MJRR but before plaintiff's objections to the MJRR. In the motion to amend, plaintiff appears to seek to add a new legal theory - that the alleged retaliation was not the result of his religious status, but rather a result of being found not guilty on a previous misconduct ticket. He also appears to indicate this claim is exhausted. Defendants responded to the motion to amend, arguing that amendment is not appropriate at this time and would be futile as the alleged incidents of retaliation took place beyond the statute of limitations.

Although the case is now closed, rendering the pending motion to amend moot, the motion to amend fails for all the reasons articulated in defendants' response. In other words, the fact that plaintiff filed a motion to amend does not alter the Court's

2

conclusion regarding the dismissal of plaintiff's case. As such, reconsideration is not warranted.

SO ORDERED.

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: June 21, 2007

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Rodney Davison, #213112, Kinross Correctional Facility, 18770 E. Watertower, Kincheloe, MI 49755 on this date, June 21, 2007, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5160